UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| **JAMES C. PIANGA # 33071,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 3:24-cv-1147 |
| v. | ) |
| | ) |
| **JENNIFER BARREA,** *Metro Nashville Public Defender*, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

James C. Pianga, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 4) and a supplement to the complaint (Doc. No. 5).

**I. FILING FEE**

The Court must first resolve the filing fee. Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application (Doc. No. 4), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 4) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

1

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The Court now turns to the required PLRA screening of the complaint. Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The Court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### A. Facts Alleged in the Complaint

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

The complaint (Doc. No. 1) and supplement to the complaint (Doc. No. 5) allege that Defendants violated Plaintiff's First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, Eleventh, Thirteenth, and Fourteenth Amendment rights; the Tennessee Rules of Court; and applicable ethics rules. Further, they allege that Defendants engaged in acts of defamation, perjury, derelictions of

3

duty, falsifying information, coercion, duress, "manifest injustice," ineffective assistance of counsel, public corruption, official misconduct, "violations of oath of service," contractual violations, "intentional negligence," conspiracy, tyranny, insurrection, treason, and dissention. (Doc. No. 5 at 1).

Plaintiff alleges that he "never been properly arraigned" and "never seen [sic] case against [him]", he has not been permitted to be involved in his litigation, and the "judge and lawyer took actions in [his] case without [his] knowledge, without [his] consent." (Id.) He further alleges that Defendants "forcibly took his life and liberty . . . ." (id.) and that Plaintiff has been "subjected to especially aggravated assault from partys [sic] by violating [his] life, liberty, and equal rights and deprived of justice and protocols." (Doc. No. 1 at 5). The complaint seeks "legal and financial compensation" (Doc. No. 5 at 1) and the discipline and "removal from office . . . of all parties involved in [his] case." (Doc. No. 1 at 5).

**B. Analysis**

Plaintiff names two Defendants to this action: (1) Jennifer Barrea, who appears to be (or have been) Plaintiff's court-appointed criminal defense attorney in ongoing state-court proceedings, and (2) "'et al.' all involved with my case and all I spoke to and wrote to" at the "Public Defenders Office."[1] (Doc. No. 1 at 2).

The Court will begin with Ms. Barrea. Courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *See Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998). A court-appointed attorney, like any retained counsel, serves his or her client—not the court or

---

[1] The Clerk understood this language to refer to the Metro Nashville Public Defender's Office and identified the "Public Defender Office, Metro Nashville Public Defender" as the second Defendant on the docket.

4

government. *See West v. Atkins*, 487 U.S. 42, 50 (1988) (quoting *Polk County v. Dodson*, 454 U.S. 312, 322 n.13 (1981)) ("A criminal lawyer's professional and ethical obligations require him [or her] to act in a role independent of and in opposition to the State[ ] . . . and when representing an indigent defendant in a state criminal proceeding . . . the public defender does not act under color of state law for purposes of § 1983 because 'he [or she] is not acting on behalf of the State; he [or she] is the State's adversary.'"). Thus, Plaintiff cannot bring suit against Defendant Barrea for violation of Plaintiff's federal constitutional rights. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

In sum, because an attorney, even if he or she has been appointed by the court, does not act under color of law, attorney Barrea is not a proper defendant under Section 1983 for actions she took (and may still be taking) during her representation of Plaintiff during his state criminal proceedings. The Section 1983 claims against Defendant Barrea, therefore, will be dismissed for failure to state a claim upon which relief may be granted.

Next, the complaint names "'et al.' all involved with my case and all I spoke to and wrote to Public Defenders Office" as the second Defendant to this action. (Doc. No. 1 at 2). To the extent Plaintiff intends to sue the Metro Nashville Public Defender's Office, the office is not a "person" under Section 1983 and therefore is not a proper defendant. See Weaver v. Tenn. Hwy. Patrol, No. 1:16-cv-01121-JDT-egb, 2016 WL 7634478, at *4 (W.D. Tenn. Nov. 15, 2016) (citing Hix v.

5

Case 3:24-cv-01147    Document 6    Filed 09/08/25    Page 5 of 7 PageID #: 28

Tenn. Dep't of Corr., 196 F. App'x 350, 355 (6th Cir. 2006) (holding that TDOC is not "person" within the meaning of Section 1983)).

To the extent that Plaintiff intends to sue everyone at the Metro Nashville Public Defender's Office who ever had any involvement in Plaintiff's referenced state criminal case, the use of "et al." is insufficient to name those individuals. Further, to state a Section 1983 claim, a plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original); see also Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002). "[F]or a plaintiff who alleges unconstitutional conduct by multiple defendants to pass the Iqbal/Twombly hurdle, the plaintiff must identify 'with particularity' what each defendant allegedly did in connection with that unconstitutional conduct." Childress v. City of Cincinnati, Ohio, 765 F. Supp.33d 662, 689 (S.D. Ohio 2025) (quoting Moore v. Whitmer, No. 21-1755, 2022 WL 18862075, at *2 (6th Cir. Aug. 12, 2022)).

Here, the complaint falls well short of the particularity requirement. Not only does the complaint fail to identify "with particularity" what each individual—including the Public Defender—at the Public Defender's Office allegedly did to violate Plaintiff's federal constitutional rights, the complaint fails to identify any of the individuals by name, relying on "et al." Thus, the complaint fails to state viable Section 1983 claims against these unnamed individuals.

Finally, to the extent the complaint asks the Court to initiate criminal prosecutions of Defendant Barrea or any individual for violations of state or federal law, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." Tunne v. U.S. Postal Service, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to

initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." <u>Williams v. Luttrell</u>, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this Court is without jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

## III. CONCLUSION

Having conducted the screening of the complaint required by PLRA, the Court finds that Plaintiff's Section 1983 claims against Defendant Barrea are **DISMISSED** for failure to state a claim upon which relief can be granted under Section 1983.

To the extent Plaintiff intends to sue the Metro Nashville Public Defender's Office, the office is not a "person" under Section 1983 and therefore is **DISMISSED**.

To the extent that Plaintiff intends to sue everyone at the Metro Nashville Public Defender's Office who ever had any involvement in Plaintiff's referenced state criminal case, including the Public Defender, the complaint fails to state viable Section 1983 claims against those individuals, and any such claims are **DISMISSED**.

There being no further claims before the Court, this action is **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE